

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 15, 1958

Honorable Leighton Cornett
County Attorney
Lamar County
Paris, Texas

Opinion No. WW-415

Re: In instances where a District
Court has jurisdiction in two
counties, may two different
probation officers be appointed
to each work exclusively in only
one county within the Judicial
District under the provisions of
Art. 781d, V.A.C.C.P. of Texas
(Texas Adult Probation and Parole
Law of 1957, Acts 1957, 55th Leg.,
Chapter 226, Page 466)?

Dear Mr. Cornett:

This is in reply to your request for an opinion with respect to the appointment of a separate probation officer for each of two counties, both of such counties being in the same judicial district.

In your letter you state:

"The 6th Judicial District of Texas is comprised of Lamar and Fannin Counties. The Adult Probation and Parole Law of 1957, Acts of the 55th Legislature, Chapter 266, Page 466 (Article 781d, V.A.C.C.P. of Texas) provides for the appointment of a Probation Officer or Officers. The appointing authorities are contemplating the possibility of appointing a Probation Officer to work exclusively in Lamar County and another to work exclusively in Fannin County, and, hence, are desirous of knowing whether or not such contemplated action would be legal. . . ."

Section 10 of Article 781d, V.A.C.C.P., makes it plain that a Probation Officer or Officers in a judicial district composed of two or more counties will serve all counties in the district, and where more than one Probation Officer is required in a judicial district, one of them shall be designated Chief Adult Probation Officer.

Section 10, Article 781d, V.A C.C.P., reads in part as follows:

"Where more than one probation officer is required, the judge or judges shall appoint a chief adult probation officer or director, who, with their approval, shall appoint a sufficient number of assistants and other employees to carry on the professional, clerical, and other work of the court.

". . .

"The salaries of personnel, and other expenses essential to the adequate supervision of probationers, shall be paid from the funds of the . . . counties comprising the judicial district or geographical area served by such probation officers. In instances where a district court has jurisdiction in two or more counties, the total expenses of such probation services shall be distributed approximately in the same proportion as the population in each county bears to the total population of all of those counties, according to the last preceding or any future federal census. . . ." (Emphasis added)

It is reasonable to suppose that where there is more than one probation officer in a judicial district, and one of them is named Chief Adult Probation Officer, and all other probation officers in such district are his assistants, and receive their appointment from the Chief Adult Probation Officer, subject to the approval of the judge, such Chief will receive, in most cases, a larger salary than any of his assistants. It is provided in the statute that all of the salaries of all of the personnel, together with other authorized expense, shall constitute the total expense of running the probation office for the judicial district. Such total expense shall then be apportioned to the various counties in the judicial district according to the formula above. The Probation Officers so appointed may function in any of the counties of the judicial district.

Of course, one of the probation officers could be stationed in one county and the other probation officer in the other county. This, however, is an administrative matter, and could be worked out by the officials concerned; but any Probation Officer for a judicial district could go into and perform his duties in any county in the district, as directed by the Court or the Chief Probation Officer.

## SUMMARY

In a judicial district composed of two or more counties, a probation officer may not be appointed to work exclusively in one county of such district, since he is a probation officer for the entire judicial district.

Yours very truly,

APPROVED:
OPINION COMMITTEE:

WILL WILSON
Attorney General of Texas

George P. Blackburn, Chairman
J. Arthur Sandlin
B. H. Timmins, Jr.
J. Mark McLaughlin
Tom I. McFarling

by *Riley Eugene Fletcher*

Riley Eugene Fletcher
Assistant

Reviewed for the Attorney General
By:

W. V. GEPPERT

REF:ETS